FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 09 2020 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

FOR THE

EASTER DISTRICT OF NEW YORK

| | |
|---|---|
| EMERALD ORGANIC PRODUCTS, INC. and IAN PARKER, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH G. MAYO, <br><br> Defendant. | Civil Action File No. 2:20-cv-03436-JS-ARL <br><br> **ANSWER AND COUNTER-CLAIM** |

Defendant JOSEPH G. MAYO ("Defendant") hereby answers the COMPLAINT of Plaintiffs EMERALD ORGANIC PRODUCTS, INC. ("EMOR" or "Emerald") and IAN PARKER ("Parker") in this action as follows:

1. Defendant denies each and every claim made by the Plaintiffs in Paragraphs 1, 2, 3, 4, 14, 15, 17, 18, 20, 21, 24, 25, 26, 27, 29, 34, 35, 36, 37, 38, 39, 42, 43, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 59, 60, 61, 65, 66, 68, 69, 7071, 73, 74, 7576, 77, 78 and 79 of their Complaint.

2. Defendant denies for lack of information the claims made by Plaintiffs in Paragraphs 8, 9, 11, 12, 23, 30, 35, 40, 41 and 64 of their Complaint.

3. Defendant admits each and every claim made by the Plaintiffs in Paragraphs 6, 19, 31, 33 and 63 of their Complaint.

4. With regard to Paragraph 5 of Plaintiffs' Complaint, Defendant admits EMOR is a Nevada corporationlocated at 331 Dante Court, Holbrook, New York, but denies every other claim of that Paragraph.

5. With regard to Paragraph 5 of Plaintiffs' Complaint, Defendant admits EMOR is a Nevada corporation located at 331 Dante Court, Holbrook, New York, but denies every other claim of that Paragraph.

6. With regard to Paragraph 7 of Plaintiffs' Complaint, Defendant admits he is a resident of the State of Florida, but denies every other claim of that Paragraph.

7. With regard to Paragraph 10 of Plaintiffs' Complaint, Defendant admits EMOR was initially formed in 1977 under the name "Permco Ltd.", denies that by the first quarter of 2019 EMOR'S only existing business was investing and holding minority interests in petroleum producing leases in Texas, and denies for lack of information every other claim in that Paragraph.

8. With regard to Paragraph 16 of Plaintiffs' Complaint, Defendant denies for lack of information what was an "intergral part of EMOR's business plan and why it hired Michael Berg, and what Emerald Organic announced on March 27, 2020, and March 31, 2020, and admits every other claim in that Paragraph.

9. With regard to Paragraph 20 of Plaintiffs' Complaint, Defendant admits that he texted Dill what is stated, and denies every other claim in that Paragraph.

10. With regard to Paragraph 22 of Plaintiffs' Complaint, Defendant admits that he sent the email stated and denies every other claim in that Paragraph.

11. With regard to Paragraph 28 of Plaintiffs' Complaint, Defendant admits that he closed one of EMOR'S bank accounts on or abour February, 2019, and denies every other claim in that Paragraph.

12. With regard to Paragraph 32 of Plaintiffs' Complaint, Defendant admits EMOR is a Nevada corporationlocated at 331 Dante Court, Holbrook, New York, but denies every other claim of that Paragraph.

13. With regard to Paragraph 44 of Plaintiffs' Complaint, Defendant admits he wrote the emal stated therein, and denies every other claim of that Paragraph.

14. With regard to Paragraph 52 of Plaintiffs' Complaint, Defendant repeats and realleges all of his prior responses set forth above in response to the claims set forth in Paragraphs 1-51.

15. With regard to Paragraph 58 of Plaintiffs' Complaint, Defendant repeats and realleges all of his prior responses set forth above in response to the claims set forth in Paragraphs 1-57.

16. With regard to Paragraph 62 of Plaintiffs' Complaint, Defendant repeats and realleges all of his prior responses set forth above in response to the claims set forth in Paragraphs 1-61.

17. With regard to Paragraph 67 of Plaintiffs' Complaint, Defendant repeats and realleges all of his prior responses set forth above in response to the claims set forth in Paragraphs 1-66.

18. With regard to Paragraph 72 of Plaintiffs' Complaint, Defendant repeats and realleges all of his prior responses set forth above in response to the claims set forth in Paragraphs 1-71.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

19. Defendant avers that the Complaint fails to state a claim upon which the relief requested can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred by doctrine of waiver and laches.

### THIRD AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

22. The injuries, if any, alleged to have been sustained by the Plaintiffs were caused, in whole or in part, by the culpable conduct of the Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred by equitable estoppel.

SEVENTH AFFIRMATIVE DEFENSE

25. Plaintiffs' claims are barred because Plaintiff breached his duty of good faith.

EIGTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims fail, in whole or in part, because Plaintiffs have suffered no damages or actual losses.

NINTH AFFIRMATIVE DEFENSE

27. Plaintiffs have failed to properly mitigate their damages, if any.

TENTH AFFIRMATIVE DEFENSE

28. No act or omission on the part of the Defendant either caused or contributed to whatever injury, if any, Plainitffs may have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

29. Defendant affirmatively asserts that all statements and comments were true and this cannot be the basis for a defamation action.

## TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiffs' claims are barred under the substantial truth doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

31. The Defendant's statements are not properly subject to Defamation because they contained no provable false assertions of fact.

## FOURTEENTH AFFIRMATIVE DEFENSE

32. The matters addressed by Plaintiffs are subject to absolute privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE

33. This action brought by Plaintiffs is a SLAPP suit prohibited by Federal and New York Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

34. The venue where the court is located is improper for this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

35. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer. Therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses and claims, counter claims, cross claims or third party claims, as applicable, upon further investigation and discovery.

## **COUNTERCLAIMS**

### FIRST COUNTER CLAIM OF DEFENDANT
### AS AGAINST PLAINTIFF EMOR

36. On or about April 2019, Defendant Mayo and Plaintiff Parker, acting on behalf of Plaaintiff EMOR, entered into a contract whereby Defendant Mayo agreed to beome the Chief Finanical Officer of EMOR.

37. Pursuant to the contract, Defendant Mayo agreed to forgo a salary in exchange for the issuance of FIVE MILLION (5,000,000) shares of common stock in EMOR.

38. That Defendant Mayo has duly performed all the terms and conditions of said contract on his part to be performed.

39. That Plaintiff EMOR is in breach of the agreement because of his failure to pay to Defendant Mayo the aforementioned 5,000,000 shares of common stock.

40. Plaintiff's breach of contract has damaged Defendant Mayo in an amount to be proven at trial, but exceed the monetary jurisdiction of all of the lower courts.

### SECOND COUNTER CLAIM OF DEFENDANT
### AS AGAINST PLAINTIFF EMOR

41. Defendant repeats and realleges the allegations set forth in paragraphs 36 through 40.

42. Defendant has performed all of the conditions of the contract that are required to be performed.

43. Defendant is entitled to have the Plaintiff specifically perform the contract.

THIRD COUNTER CLAIM OF DEFENDANT
AS AGAINST PLAINTIFF PARKER

44. Defendant repeats and realleges the allegations set forth in paragraphs 36 through 43.

45. On or about April, 2018, Defendant Mayo and Plaintiff Parker entered into a contract whereby Plaintiff Parker agreed to pay to the Defendant Mayo certain agreed upon sums in consideration of certain accounting services.

46. Specifically, Defendant Mayo was hired to resolve a New York State Department of Taxation and Finance Assessment for sales tax on behalf of Plaintiff Parker

47. Plaintiff Parker agreed to pay Defendant Mayo a retainer of FIVE THOUSAND ($5,000.00) Dollars.

48. Additionally, Plaintiff Parker agreed to pay Defendant Mayo an hourly rate of $225.00.

49. That Defendant Mayo has duly performed all the terms and conditions of said contract on his part to be performed.

50. That copies of final billing statements were sent to Plaintiff Parker.

51. That Plaintiff Parker is in breach of the agreement because of his failure to pay the outstanding balance of $17,568.75, for said services despite the fact that payment therof has been duly demanded.

52. That the sum of $17,568.75, has been repeatedly demanded by Defendant Mayo and that Plaintiff Parker refuses to pay said sum.

53. That the reasonable and fair value of the services provided by Defendant Mayo to Plaintiff Parker in connection with the outstanding balance is in excess of the sum of

Eighteen Thousand Dollars , which is the outstanding sum owed by Plaintiff Parker to Defendant Mayo.

54.     Parker's breach of contract has damaged Defendant Mayo in an amount of $17,568.75 plus interest and costs.

### FOURTH COUNTER CLAIM OF DEFENDANT
### AS AGAINST PLAINTIFF PARKER

55.     Defendant repeats and realleges the allegations set forth in paragraphs 36 through 54.

56.     Defendant rendered to Plainitff Parker full and true accounts of the indebtedness owing by the Plaintiff as a result of the above agreement.

57.     The account statements were delivered to and accepted by Plaintiff Parker without objection resulting in an account stated in an amount of $17,568.75 plus interest and costs.

WHEREFORE, the Answering Defendant prays that this Honorable Court will:

1.     Dismiss the Complaint with prejudice and with costs against the plaintiffs;

2.     With respect to the First Counterclaim, damages in an amount to be determined at trial of the action, together with interest and costs;

3.     With respect to the Second Coutnerclaim, specific performance.

4.     With respect to the Third Counterclaim, damages of $17,568.75, together with interest and costs;

5.     With respect to the Fourth Counterclaim, damages of $17,568.75, together with interest and costs;

6.    Such other, further and different relief as may be just and proper.


Dated:   December 3, 2020

                                          JOSEPH G. MAYO
                                          Defendant Pro Se
                                          5369 W. Moorefield Drive
                                          Herriman, Utah 84096


To:    Alexander D. Widell, Esq.
        Attorneys for Plaintiff
        MORITT HOCK & HAMROFF LLP
        400 Garden City Plaza
        Garden City, New York 11530
        (516) 873-2000

## VERIFICATION

STATE OF UTAH            )
                         ) ss.:
COUNTY OF SALT LAKE      )

JOSEPH G. MAYO, being duly sworn, deposes and says:

That I am the Defendant in the above entitled action. I have read the foregoing Answer and Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
JOSEPH G. MAYO

Sworn to before me this 3rd
day of December 2020

_____
NOTARY PUBLIC

ROSE POLZIN
Notary Public - State of Utah
My Commission Expires
April 5, 2023
Commission #705588

**Extremely Urgent**

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express℠
UPS 2nd Day Air®

eupsstore.com to find a location near you.

Apply shipping documents on this side.

Shipments

y for the Letter rate, UPS Express Envelopes may only contain
ndence, urgent documents, and/or electronic media, and must
oz. or less. UPS Express Envelopes containing items other than
ed or weighing more than 8 oz. will be billed by weight.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

nal Shipments

Express Envelope may be used only for documer
rtain countries consider electronic media as doc
'importexport to verify if your shipment is classif

for the Letter rate, the UPS Express Envelope mu
ss Envelopes weighing more than 8 oz. will be b

ss Envelopes are not recommended for shipmer
ensitive personal information or breakable item
ivalent.

JOSEPH MAYO
(386) 307-9526
THE UPS STORE #4976
5526 W 13400TH S
HERRIMAN UT 84096-6919

0.2 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 03 DEC 2020

SHIP ATTN PRO SE
TO: US FEDERAL DISTRICT COURT
    100 FEDERAL PLZ

    CENTRAL ISLIP NY 11722-4438

    NY 117 0-01




UPS NEXT DAY AIR     1
TRACKING #: 1Z 57F A13 01 0927 1024

BILLING: P/P

Visit **theupsstore.com** to learn more
about our Print & Business Services.

rving you for more than 100 years
United Parcel Service.



Notice — Carriage hereunder may be subject to the rules relatin